Citation Nr: 1719229 
Decision Date: 05/31/17 Archive Date: 06/06/17

DOCKET NO. 09-46 327 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in San Juan, the Commonwealth of Puerto Rico


THE ISSUES

1. Entitlement to a disability rating greater than 10 percent prior to September 1, 2010, and a disability rating greater than 20 percent beginning September 1, 2010, for left ankle sprain.

2. Entitlement to a compensable disability rating for penile condyle.

3. Entitlement to service connection for a back disability, including as secondary to service-connected left ankle sprain.

4. Entitlement to service connection for a left leg disability, including as secondary to service-connected left ankle sprain.






REPRESENTATION

Veteran represented by: Kathy A. Lieberman, Attorney at Law


ATTORNEY FOR THE BOARD

James A. DeFrank, Counsel


INTRODUCTION

The Veteran served on active duty from August 1989 to May 1993. 

These matters come to the Board of Veterans' Appeals (Board) on appeal from a July 2008 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in San Juan, the Commonwealth of Puerto Rico.

In December 2011, the Board denied the Veteran's claims for increased disability ratings for his service-connected left ankle sprain residuals and penile condyloma disabilities. The Board also issued a concurrent decision denying service connection for back and left leg disabilities as the Veteran had a different representative in regard to those claims and they were therefore the subject of a separate decision. The Veteran appealed both Board decisions to the United States Court of Appeals for Veterans Claims (Court). 

Thereafter, in a March 2013 Memorandum Decision, the Court vacated and remanded the Board's denial of the increased rating claims, but affirmed the disposition of the service connection issues. 

In conjunction with the March 2013 Memorandum Decision, the Board, in April 2014 remanded the issues of increased disability ratings for his service-connected left ankle sprain residuals and penile condyloma disabilities. However, the service connection issues were addressed in a February 2017 supplemental statement of the case and recertified to the Board in March 2017.

The Board notes that while the Veteran was previously represented by the American Legion with respect to his claims of entitlement to increased evaluations for his service connected left ankle disability and penile condyle disabilities, the Veteran is now represented by Kathy A. Lieberman for all of his claims. 

The issues of entitlement to increased evaluations for his service-connected left ankle disability and penile condyle disabilities are addressed in the REMAND portion of the decision below and are REMANDED to the Agency of Original Jurisdiction (AOJ).


FINDINGS OF FACT

1. Insofar as the Board denied service connection for the Veteran's back disability in a December 2011 decision, which was affirmed in the March 2013 Court Memorandum Decision, there is no longer a controversy regarding the issue of entitlement to service connection for a back disability, including as secondary to service-connected left ankle sprain.

2. Insofar as the Board denied service connection for the Veteran's leg disability in a December 2011 decision, which was affirmed in the March 2013 Court Memorandum Decision, there is no longer a controversy regarding the issue of entitlement to service connection for a left leg disability, including as secondary to service-connected left ankle sprain.


CONCLUSIONS OF LAW

1. The claim of entitlement to service connection for a back disability, including as secondary to service-connected left ankle sprain is dismissed as moot. 38 U.S.C.A. § 7105 (West 2014); 38 C.F.R. § 20.101(2016). 
2. The claim of entitlement to service connection for a left leg disability, including as secondary to service-connected left ankle sprain is dismissed as moot. 38 U.S.C.A. § 7105 (West 2014); 38 C.F.R. § 20.101 (2016).


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Secretary shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to Veterans or the dependents or survivors of Veterans. 38 U.S.C.A. § 511(a). All questions in a matter which under sections 38 U.S.C.A. § 511(a) are subject to decision by the Secretary shall be subject to one review on appeal to the Secretary. Final decisions on such appeals shall be made by the Board. Decisions of the Board shall be based on the entire record in the proceeding and upon consideration of all evidence and material of record and applicable provisions of law and regulation. 38 U.S.C.A. § 7104(a). The Board may dismiss any appeal which fails to allege error of fact or law in the determination being appealed. 38 U.S.C.A. § 7105.

In a December 2011 decision, the Board, in part, denied service connection for back and left leg disabilities, to include as secondary to a service-connected left ankle sprain.

The Veteran appealed the relevant Board decision to the Court. In a March 2013 Memorandum Decision, the Court affirmed the disposition of the service connection issues. However, these issues were erroneously addressed in a subsequent February 2017 supplemental statement of the case and recertified to the Board in March 2017.

Under 38 U.S.C.A. § 7105, the Board may dismiss any appeal that fails to allege specific error of fact or law in the determination being appealed. Since the Board has adjudicated the Veteran's claims of entitlement to service connection for a back and leg disability, including as secondary to a service-connected left ankle sprain, and the Court affirmed that decision, there remains no specific error of fact or law that is alleged to warrant the claims of entitlement to service connection for a back or leg disability.

Accordingly, the Board does not have jurisdiction to review these claims, and they must therefore be dismissed. 38 U.S.C.A. § 7105(d)(5); 38 C.F.R. § 20.101.


ORDER

Entitlement to service connection for a back disability, including as secondary to a service-connected left ankle sprain is dismissed.

Entitlement to service connection for a left leg disability, including as secondary to a service-connected left ankle sprain is dismissed.


REMAND

The Board finds that additional development is necessary prior to final adjudication of the claims remaining on appeal. 

Notably, in April 2014 the Board remanded the issues of increased disability ratings for his service-connected left ankle sprain residuals and penile condyloma for additional development. The additional development included making attempts to obtain outstanding private and VA treatment records.

Per the April 2014 Board remand instructions, the RO attempted to obtain treatment records from the VA San Diego Healthcare System and the VA Caribbean Healthcare System (formerly the San Juan VA Medical Center) dated from May 1993 to April 2000 and from May 2011 to the present. While some VA treatment records have subsequently been associated with the claims file, a March 2016 Report of General Information noted that records from the San Diego VA Medical Center from 1998 to 2000 and from May 2011 to the present and records from the San Juan VA Medical Center from 1993 to 1998 were unavailable. 
The RO also informed the Veteran that he was to identify any health care provider who treated him for his service-connected left ankle sprain residuals or penile condyloma while he was a student at San Diego State University. The Veteran however did not reply to this request. 

As these issues are again being remanded, the Board finds that the Veteran should again be provided an opportunity to provide this information and additional attempts should be made to obtain any outstanding medical records.

Additionally, the Board instructed the AOJ to issue a supplemental statement of the case (SSOC) that summarized the pertinent evidence and notified the Veteran and his representative of the applicable law and regulations pertinent to the issues on appeal.

However, no such SSOC was issued with respect to the issues of entitlement to increased disability ratings for his service-connected left ankle sprain residuals and penile condyloma disabilities. The Board is obligated by law to ensure that the RO complies with its directives; where the remand orders of the Board are not complied with, the Board errs as a matter of law when it fails to ensure compliance. Stegall v. West, 11 Vet. App. 268 (1998). Therefore, in light of the fact that it was expressly requested that an SSOC be issued with respect to these claims following all requested development, and the claims file does not contain any such SSOC following the requested development, the Board finds that VA has not substantially complied with the remand directives. Consequently, a new remand is required to comply with the holding of Stegall.

Accordingly, the case is REMANDED for the following action:

1. The Veteran should be requested to provide the names, addresses and approximate dates of treatment of all medical care providers, VA and non-VA, who have treated him for the disabilities on appeal. After the Veteran has signed the appropriate releases, those records should be obtained and associated with the claims folder. 

The Veteran is to be notified of unsuccessful efforts to obtain all available VA treatment records from the VA San Diego Healthcare System dated from 1998 to 2000 and from May 2011 to the present, and the VA Caribbean Healthcare System (formerly the San Juan VA Medical Center) dated from 1993 to 1998, in order to allow him the opportunity to obtain and submit those records for VA review. 

The Veteran should be requested to identify any healthcare provider who treated him for his service-connected left ankle sprain residuals or penile condyloma while he was a student at San Diego State University. Then, after securing any necessary authorization, obtain all identified treatment records.

2. After completion of the above and any additional development deemed necessary, the issues on appeal should be reviewed with consideration of all applicable laws and regulations. If the benefits sought remain denied, the Veteran and his representative should be furnished a supplemental statement of the case and be afforded the opportunity to respond. Thereafter, the case should be returned to the Board for appellate review, if in order.

The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).


These claims must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).





______________________________________________
S. HENEKS
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs